**Willie Lee JEFFERSON,
Plaintiff—Appellant,**

v.

**Michael CRUSE, Defendant—Appellee.**

No. 07–15573.

United States Court of Appeals,
Ninth Circuit.

Submitted April 13, 2009.*

Filed April 27, 2009.

Willie Lee Jefferson, Ely, NV, pro se.

Edward L. Magaw, Esq., Gary A. Pulliam, Esq., AGNV—Office of the Nevada Attorney General, Las Vegas, NV, for Defendant–Appellee.

Before: GRABER, GOULD, and BEA, Circuit Judges.

MEMORANDUM **

Willie Lee Jefferson, a Nevada state prisoner, appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging that defendant violated the Eighth and Fourteenth Amendments by using a taser on him after he cut himself with a razor blade. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Sorrels v. McKee*, 290 F.3d 965, 969 (9th Cir.2002), and we affirm.

The district court properly granted summary judgment on Jefferson's Eighth Amendment claim because the undisputed facts demonstrate that defendant used the taser "to enforce discipline and security" and not "for the sole purpose of punishment or the infliction of pain." *Michenfelder v. Sumner*, 860 F.2d 328, 336 (9th Cir.1988); *see also Caliber One Indem. Co. v. Wade Cook Fin. Corp.*, 491 F.3d 1079, 1085 (9th Cir.2007) ("Summary judgment is appropriate where . . . the undisputed evidence supports only one reasonable inference.").

Summary judgment on Jefferson's due process claim was proper because claims of excessive force brought under 42 U.S.C. § 1983 must be analyzed under the Fourth or Eighth Amendments, rather than under the more generalized notion of substantive due process. *See Graham v. Connor*, 490 U.S. 386, 393–95, 109 S.Ct. 1865, 104

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

L.Ed.2d 443 (1989); *see also Whitley v. Albers,* 475 U.S. 312, 327, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986) (holding that, in the prison security context, "the Due Process Clause affords [inmates] no greater protection than does the Cruel and Unusual Punishments Clause").

Jefferson's remaining contentions are unpersuasive.

Jefferson's motion to strike defendant's Excerpts of Record, motion for sanctions, and motion to receive additional photocopies, are denied. Jefferson's motion to file an oversized reply brief is granted. The Clerk shall file the reply brief received on January 11, 2008.

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.